**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **DANIEL D. LOVE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BRADY THOMAS, Z. SHIFFLETT, and CARPENTER,**<br><br>**Defendants.** | **No. 1:25 CV 638** |

**OPINION and ORDER**

Daniel D. Love, a prisoner without a lawyer, filed an amended complaint. (DE # 4.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Love alleges that, on November 19, 2025, there was a fire at the DeKalb County Jail. He was exposed to smoke and fumes for approximately 15 to 20 minutes because the key to unlock his cell could not be located immediately. He was not offered medical care once he was removed from the area. He is suing Z. Shifflett because he failed to prepare for an emergency like this by familiarizing himself with the location of the keys. He is suing Brady Thomas and Carpenter because they did not have a proper safety procedure in place for a circumstance like this.

As a pretrial detainee, Love is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Pittman,* 108 F.4th at 570. In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of

negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Love alleges that his release from his cell was delayed by Shifflett's inability to find the key necessary to unlock his cell. This may amount to negligence, but Love has not alleged facts that show that Shifflett's actions were objectively unreasonable under the circumstances.

Love may also be alleging that Brady Thomas and Carpenter should have trained their staff so they would know what to do in a situation like this. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," and Love's amended complaint contains no such allegations. Therefore, he may not proceed against Brady Thomas or Carpenter on a failure to train claim.

Love also complains about a lack of medical care following his release from his cell. Because Love is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act

concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Love complains that jail staff did not proactively offer him medical care following exposure to smoke and fumes. Love, however, does not indicate that he communicated directly with any defendant named in this case about his medical needs and he does not describe the symptoms he experienced with any particularity. Thus, Love's allegations do not suggest that any defendant responded to his medical needs in a manner that was objectively unreasonable.

While Love's amended complaint does not state a claim, Love also filed a supplement to his amended complaint alleging additional facts. This is not the proper procedure to amend a complaint. This court's local rules require amended complaints to stand on their own and do not allow parties to amend complaints in a piecemeal fashion. *See* Fed. R. Civ. P. 11(a); N.D. Ind. L.R. 15-1. Nonetheless, in the interests of judicial efficiency, the court will consider Love's additional allegations.

Love indicates that, while he was away from his cell, someone went through his belongings, including legal mail. Love does not indicate that any of his legal material was missing. However, even if it was, these allegations do not state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them.

Love's supplement also alleges that in March 2024, Brady Thomas acknowledged that there were problems with the electrical system and generator at the jail and they needed to be updated or replaced. But, major renovations take time to plan, seek funding, hire contractors, and complete the work. This is especially so when a governmental entity is involved. Merely knowing upgrades were needed does not lead

to liability. Delays in moving these projects forward at most demonstrate negligence, and negligence alone is insufficient to constitute a constitutional violation.

Neither the amended complaint nor the supplement state a claim for which relief can be granted. It seems unlikely that Love will be able to amend his complaint to state a claim, but if Love believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint. “The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile.” *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word “Amended” on the first page above the title “Prisoner Complaint” and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Daniel D. Love until **November 27, 2026**, to file a second amended complaint; and

(2) **CAUTIONS** Daniel D. Love that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: October 27, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT